UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| XAVIER MCCROY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No: |
| | ) |
| ABM INDUSTRY GROUPS, LLC., | ) |
| | ) |
|     Defendant. | ) |

COMPLAINT

Plaintiff, Xavier McCroy ("McCroy"), brings claims against Defendant, ABM Industry Groups, LLC ("Defendant"), as follows:

**OVERVIEW**

1.      This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Wage Payment Statute ("IWCS"), I.C. §22-2-9 et. seq. and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL").  Defendant violated the FLSA by failing to pay McCroy at least minimum wage for all hours he worked.  Defendant further violated the Indiana Wage Claim Statute by failing to timely pay McCroy his earned wages in accordance with Indiana law.  McCroy pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

**PARTIES**

2.      McCroy is an individual who, at all relevant times, resided in the Northern District of Indiana (Gary, Indiana).  He was employed by Defendant within the meaning of the

1

FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, McCroy was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, McCroy was an employee as defined by I.C. §22-2-2-3.

3. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, McCroy's work regularly involved commerce between states, including, but not limited to, janitorial services in Indiana for Defendant that is based out of Sugarland, Texas.  Moreover, Defendant is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  Defendant performs work throughout northwestern Indiana.

4. Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce and has an annual gross volume of sales made or business done of not less than $500,000

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over McCroy's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

7. McCroy was hired by Defendant to perform janitorial services in Northwest Indiana.

8. McCroy is supposed to be paid an hourly rate of $9.00 per hour.  His pay varies based on the number of hours he works.

9. Upon information and belief, Defendant has annual revenue in excess of $500,000.

10. McCroy has not been paid all the wages he has earned while employed by Defendant.  The Company is in arrears in paying his wages to him.

11. McCroy remains a current employee of Defendant.  He has attempted to work out the issue internally, but the company has failed to correct this pay issue.

12. McCroy has suffered harm as a result of not being timely paid wages he has earned.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

13. McCroy incorporates paragraphs 1 – 12 herein.

14. During the relevant time period, Defendant violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

15. McCroy was harmed by Defendant' unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT STATUTE

16. McCroy incorporates paragraphs 1 – 15 herein.

17. During the relevant time period, Defendant violated the provisions of Indiana Code §§22-2-5 et. seq. by failing to timely pay McCroy's earned wages.

18. McCroy has been harmed by Defendant's conduct, and Defendant does not have a good faith or reasonable basis to have not paid McCroy all the wages he earned in a timely manner as prescribed by the Indiana Wage Claim Statute.

## COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

19. McCroy incorporates paragraphs 1 – 18 herein.

20. McCroy pleads his Indiana overtime claims in the alternative.

21. At all relevant times Defendant violated the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay McCroy at least minimum wage for all hours he worked.

22. Defendant's conduct is willful, reckless, or indifferent to McCroy's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff;

b. An Order requiring Defendant to pay Plaintiff liquidated damages;

c. An order awarding Plaintiff unpaid wages and any applicable penalties under Indiana law;

d. An Order awarding Plaintiff the costs of this action;

e. An Order awarding Plaintiff his attorney's fees;

f. A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

g. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff